METROPOLITAN LIFE INSURANCE COMPANY, OF NEW YORK,

*v.*

STATE OF ILLINOIS.

*Opinion filed December 19, 1908.*

INSURANCE—RECIPROCAL STATUTE—*Home Life Insurance Company v. State ante followed.* This claim is similar to all intents and purposes as the claim of *Home Life Insurance Company of New York v. State, supra,* and the law as announced by the Court in the opinion there filed applies to and governs the decision of this claim.

Logan Hay, for Claimant.
W. H. Stead, Attorney General, for State.

This is an action to recover money paid by claimant to the State of Illinois, as a tax upon its premium receipts for the years 1901, 1902 and 1903, upon policies issued by it, in the State of Illinois, prior to January 1, 1902.

The facts in this case are very similar to the facts in the case of the *Home Life Insurance Company* v. *State of Illinois,* an extended opinion in which case has been filed of even date herewith, and the principles of law involved in this case are substantially the same as in the case of the Home Life Company referred to.

Claimant is a New York corporation, organized and incorporated under the laws of that state, and was doing business in Illinois, in the years mentioned, as a life insurance concern.

By the reciprocal clause of the insurance law of Illinois, claimant became liable to pay as a tax, on business done in Illinois, an amount equal to the tax, if any, which the law of New York levied upon Illinois life insurance corporations, carrying on business in the state of New York.

By the New York Act of 1901, which went into effect October first of that year, all life insurance concerns, foreign, as well as domestic, were required to pay an

annual state tax of one per cent upon the gross amount of premiums received in that state, during the preceding calendar year.

Under date of December 16, 1901, the Superintendent of Insurance of Illinois notified claimant, that under the reciprocal law of Illinois, there would be due the State of Illinois from it, a tax of one per cent on premiums received by it, for business done in Illinois for the year 1901.

Claimant received this notice January 8, 1902, and thereupon computed what the amount of this tax would be, and without protest or complaint on January 31, 1902, forwarded to the Superintendent of Insurance of Illinois a draft for $20,155.13, in payment of said tax.

Upon receipt of another similar notice in January of 1903, with reference to business done in the year 1902, claimant again, on February 2, 1903, sent the superintendent a draft for $23,670.14, and upon similar notice received in March, 1904, sent a draft for $27,705.64, as payment of the tax for the business done in the year 1903.

In October of 1904, the Court of Appeals of New York, in the case of *The People ex rel. Provident Savings Life Assurance Society* v. *Miller,* 179 N. Y., 227, construed the New York Act of 1901 to be a tax upon premiums paid on policies issued on or after January 1, 1902, and not on policies issued prior to 1902.

Claimant now asks to recover back from the State of Illinois all tax paid by it for the years 1901, 1902 and 1903, on premiums received from Illinois policies issued prior to 1902, which it alleges to be the sum of $60,148.61, with interest thereon from date of payment.

It is unnecessary here to discuss the legal and equitable questions involved in this case, as to whether the payments sought to be recovered back were made under a mistake of law or fact, for we have discussed them at considerable length in an opinion filed this day in the case of the *Home Life Insurance Company* v. *State,*

which case was docketed in advance of this and which opinion is respectfully referred to as conclusive of our views upon these propositions.

In that case, payments of the tax were made under substantially the same set of facts, and the same principles of law are applicable thereto, and we there held and so hold in the case at bar, that the payments so made, were made under a mistake of law and not of fact.

In this case, however, differing to that extent from the case of the *Home Life Company,* claimant seems to raise the question as to whether the payments were voluntarily made or whether under some degree of compulsion or duress.

This alleged element of duress seems to be based upon the wording of the circulars sent claimant, which claimant construes as threats of the revocation of its license. A reading of the circulars, however, will show that the element of threat is wanting and that the language of the circular in this case is substantially the same as that used by the superintendent in the case of *Yates* v. *Royal Insurance Company,* 200 Ill., 206, the only difference being, that in the *Royal Insurance Company case,* two circulars were sent instead of one, as in this case. Yet, in the *Royal Insurance Company case,* the Court held that the wording of the circular did not make a case of compulsion or duress sufficient to remove the case from the rule, that money paid voluntarily under a mistake of law cannot be recovered.

Further than this, the record shows no protest or complaint on the part of claimant against the payments. It also shows that two payments were made nearly a month before the time provided under the Illinois law for filing reports and all of them made more than two months before they were due under the provisions of the New York Act.

As the Court said in *Yates* v. *Royal Insurance Company, supra,* we say here, that "there is no evidence in the record that the company in any manner indi-

cated that it made the payment with any reservation of its rights, and as we read the record it does not appear the company was unwilling to pay and paid only because of the coercive or compulsory provision of the Act."

For the reasons indicated, we are of the opinion that claimant has no legal or equitable claim against the State and the claim is therefore rejected.